UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**TRUMANE CALVERT,**

       **Plaintiff,**

  v.                                    **Case No. 2:19-cv-16**
                                            **Judge George C. Smith**
                                            **Magistrate Judge Chelsey M. Vascura**

**CITY OF STEUBENVILLE,** *et al.*,

       **Defendants.**


## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Strike Amended Complaint. (ECF No. 30.) Defendants' Motion to Strike is **GRANTED** (ECF No. 30), and Plaintiff's Amended Complaint (ECF No. 27) is **STRICKEN** for failure to comply with Federal Rules of Civil Procedure 15(a) and 16(b)(4).

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Additionally, pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] [case] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Here, Plaintiff improperly filed his Amended Complaint on June 18, 2019, because more than 21 days had lapsed since Defendants filed their Answer, Plaintiff had not obtained

Defendants' written consent to amend the complaint, and Plaintiff failed to move for leave of Court to file the Amended Complaint. Further, the Court's Preliminary Pretrial Order provided that:

> Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **April 30, 2019**. Plaintiff will amend his Complaint to substitute in the proper names of his John Doe Defendants by **April 30, 2019**. The Court also granted Plaintiff an extension of time to effect service over John Doe Defendants until **May 30, 2019**.

(Preliminary Pretrial Order at 1, ECF No. 17.) Accordingly, if Plaintiff wanted to amend his Complaint after the April 30, 2019 deadline, he was required to file a motion under Rule 16(b)(4) demonstrating good cause for modifying the case schedule. Plaintiff failed to do so.

Nonetheless, Plaintiff contends that his Amended Complaint should not be stricken because it merely updates his contact information. (Pl.'s Resp. to Motion to Strike, ECF No. 36 (contending that he filed the Amended Complaint "because his contact information had changed and there were no . . . other major changes to his Complaint").) Review of the Amended Complaint, however, demonstrates that Plaintiff made substantive changes. (*Compare* Compl., ECF No. 1 *to* Amended Compl., ECF No. 27.) For example, he removed the John Doe Defendants and Defendant McCaffery; removed his *Monell* claim; and added new allegations, including, *inter alia*, that he received threats from Defendant Sgt. Robert Cook through the "Text now App." (ECF No. 27.) Given that Plaintiff's Amended Complaint contains different and new allegations, he was required to move for leave to amend the complaint and was required to demonstrate good cause for modifying the deadline to do so. Accordingly, Defendants' Motion to Strike is **GRANTED** (ECF No. 30), and Plaintiff's Amended Complaint is **STRICKEN** (ECF No. 27).

This matter is also before the Court upon Plaintiff's failure to respond to the Court's June 4, 2019 Show Cause Order (ECF No. 24). On April 1, 2019, the Court granted Plaintiff an extension of time to effect service over John Doe Defendants until May 30, 2019. (ECF No. 17.) Plaintiff failed to serve the John Doe Defendants by May 30, 2019. On June 4, 2019, the Court issued an order directing Plaintiff to show cause why the Court should not dismiss the John Doe Defendants and why the Court should allow an extension of time to effect service. (ECF No. 24.) To date, Plaintiff has not sought leave to amend the Complaint to substitute the real names for the John Doe Defendants nor has he effected service upon them as required by Federal Rule of Civil Procedure 4(m). It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** against the John Doe Defendants pursuant to Rule 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE